UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA AIKEN,

    Plaintiff(s),

v.

THOMAS M. SNEE, et al.,

    Defendant(s).

2:13-CV-1768 JCM (VCF)

**ORDER**

Presently before the court are motions to dismiss filed by *pro se* defendant Thomas M. Snee, (doc. # 21), *pro se* defendant Thomas M. Snee II, (doc. # 22), and *pro se* defendant Hanh Nguyen, (doc. # 23). *Pro se* plaintiff Patricia Aiken filed a response in opposition to these motions. (Doc. # 27).

Federal Rule of Civil Procedure 12(b)(1) permits a party to assert, by motion, as a defense to a claim for relief, the absence of subject matter jurisdiction. When presented as a factual challenge, a rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

**James C. Mahan**
**U.S. District Judge**

In the instant motions, defendants argue that this case should be dismissed for lack of subject matter jurisdiction because the complete diversity requirement of 28 U.S.C. section 1332 is not met. Indeed, "diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

Defendants Snee, Snee II, and Nguyen argue that this case lacks complete diversity because they and plaintiff are all citizens of Nevada. Plaintiff admits that she is a citizen of Nevada and disputes that defendants Snee and Nguyen are also citizens of Nevada. However, plaintiff concedes that defendants Snee II and Endoprim, Inc. are Nevada citizens. Therefore, because the parties agree that two of the defendants are citizens of the same state as the plaintiff, the requirements of section 1332 are not met. Thus, the court lacks jurisdiction to hear this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motions to dismiss, (docs. # 21, 22 & 23), be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk is instructed to enter judgment accordingly and close the case.

DATED August 4, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -