UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA AIKEN, | Case No. 2:13-CV-1768 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| THOMAS M. SNEE, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Patricia Aiken's (hereinafter "plaintiff") motion for reconsideration. (Doc. # 30). *Pro se* defendants Thomas Snee, Hanh Nguyen, and Thomas Snee II (hereinafter "defendants") filed a response, (doc. # 32), and plaintiff filed a reply, (doc. # 33).

In her motion, plaintiff asks the court to reconsider its dismissal of the instant action on the grounds that plaintiff previously agreed to remove non-diverse defendants from her complaint. Plaintiff also requests a hearing.

On August 4, 2014, the court dismissed the instant action with prejudice for lack of subject matter jurisdiction. (Doc. # 28). The court found that the complete diversity requirement of 28 U.S.C. § 1332 was not met because plaintiff and two of the defendants are all citizens of Nevada. (Doc. # 28).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

**James C. Mahan**
**U.S. District Judge**

1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Plaintiff fails to cite newly discovered evidence or an intervening change in controlling law.  Further, plaintiff has not shown that the court committed clear error or that the court's decision was manifestly unjust.

Plaintiff indicated in her response to defendants' motion to dismiss, (doc. # 27), that she would drop defendants Thomas Snee II and Endoprim, Inc. from her complaint.  However, plaintiff never voluntarily dismissed these defendants or filed an amended complaint.

For these reasons, the court lacked subject matter jurisdiction over plaintiff's case due to lack of complete diversity.  Dismissal of the case was therefore proper, and plaintiff's motion for reconsideration will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration, (doc. # 30), be, and the same hereby is, DENIED.

DATED October 6, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**